**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ISAAC DAVIS,** | ) | **CASE NO. 1:24-CV-00360** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NOTICE OF REMOVAL OF CIVIL** |
| **v.** | ) | **ACTION TO THE UNITED** |
| | ) | **STATES DISTRICT COURT** |
| **DAVID WHITNEY,** | ) | **UNDER 28 U.S.C. § 1331** |
| | ) | |
| **Defendant.** | ) | **REMOVED FROM CIRCUIT** |
| | | **COURT OF MOBILE COUNTY** |
| | | **(02-CV-2024-902181)** |

**NOTICE OF REMOVAL**

Defendant David Whitney ("Whitney") hereby removes this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division pursuant to 28 U.S.C. §§ 1331 and 1441, and states as follows:

**I.    Nature of the Action**

1.      On August 22, 2024, Plaintiff Isaac Davis ("Plaintiff") filed the action entitled *Isaac Davis v. David Whitney*, Case No. 02-CV-2024-902181 in the Circuit Court of Mobile County, Alabama.

2.      True and correct copies of all "process, pleadings, and orders" filed to date are attached hereto as Exhibit A. There are no other process, pleadings, or orders served upon Whitney to date in this case.

3.      Plaintiff's Complaint is brought "pursuant to 42 § 1983 and 1988, the Fourth of the U.S. Constitution, and the laws of the State of Alabama." Ex. A, Doc. 3, ¶ 2. Plaintiff alleges eight causes of action against Whitney: (1) Fourth Amendment Violation, (2) Article 1 § 5 Violation,

55326425 v1

(3) Fourteenth Amendment Violation, (4) Article 1 § 6 Violation, (5) Assault and Battery, (6) Wantonness, (7) Mental Anguish, and (8) Pain and Suffering. Ex. A, Doc. 3, ¶¶ 50-57. Plaintiff's causes of action arise from an alleged traffic stop by Whitney of Plaintiff.

## II.    Federal Question Jurisdiction

4.    "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, a case is removable when the complaint affirmatively alleges a federal claim. *Id.*

5.    Plaintiff alleges claims that arise under the United States Constitution. Thus, removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(c).

6.    Plaintiff's claims seek relief for alleged constitutional violations under the Fourth Amendment and Fourteenth Amendment regarding an encounter with Whitney, a City of Mobile police officer. Such claims establish this Court's federal question jurisdiction. *See Northfield, LLC v. Utilities Bd. of City of Bayou La Batre, Ala.,* No. 09-0575-WS-M, 2009 WL 3784338, *1 (S.D. Ala. Nov. 9, 2009) ("[P]laintiff is asserting claims against defendants 'arising under the Constitution, law, or treatises of the United States'. . . This fact gives rise to federal question jurisdiction, as a matter of fundamental, black letter law."); *Jairaith v. Dyer,* 154 F.3d 1289, 1282 (11th Cir. 1998) ("federal question jurisdiction may be based on a civil action alleging a violation of the Constitution"); *Washington v. Kirksey*, 811 F.2d 561, 563 (11th Cir. 1987) ("When a claim is based upon a constitutional provision, federal subject matter jurisdiction has been established provided the alleged claim is not wholly frivolous.").

7.    The Complaint also seeks relief under the common law of the State of Alabama arising out of the same sets of facts and circumstances giving rise to the federal claims. Because the claims arise out of the same general event or transaction, this Court has supplemental

55326425 v1

2

jurisdiction over the state law claims. *See* 28 U.S.C. § 1367; *see also Northfield, LLC,* 2009 WL 3784338, \*2.

### III.   Timeliness and Technical Requirements of Removal

8.     The United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Mobile County, Alabama, where this suit was originally filed.  Removal to this District and Division is therefore proper.

9.     The Circuit Court's file reflects that Whitney was served with the summons and complaint on August 29, 2024. Ex. A, Docs. 12, 13. Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date of service of the summons.

10.     Written notice of the filing of this Notice of Removal has been given to the Plaintiff and a copy is concurrently being filed the Clerk of the Circuit Court of Mobile County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446(d).

11.     The proper filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Alabama, Southern Division.

WHEREFORE, Defendant David Whitney prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,

*/s/ Taylor B. Johnson*

TAYLOR B. JOHNSON   (ASB-8851-Y78B)
EMMA P. GOODLOE     (ASB-1474P46G)
*Attorneys for Defendant David Whitney*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, Alabama  36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
Email: tjohnson@burr.com
   egoodloe@burr.com

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document upon pro se Plaintiff herein via U.S. First Class Mail, on this the 27th day of September 2024, as follows:

  Isaac Davis
  551 Village Green Drive East #75
  Mobile, Alabama 36604


       */s/ Taylor B. Johnson*
       OF COUNSEL

55326425 v1

4