## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ISAAC DAVIS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:24-00360-KD-N<br>) |
| DAVID WHITNEY,<br>    Defendant. | )<br>)<br>) |

### ORDER

The Plaintiff, Isaac Davis—who is proceeding without counsel (*pro se*)—commenced this civil action by filing a complaint with the Circuit Court of Mobile County, Alabama on August 22, 2024. *See* (Doc# 1-1, PageID.7-16); Ala. R. Civ. P. 3. The Defendant, David Whitney, removed the action to this Court under 28 U.S.C. § 1441(a), then filed and served a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and alternatively a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) (Doc# 3). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/4/2024 electronic reference notation).

Noting that federal pleading standards did not apply to the complaint

when it was filed in state court,[1] the undersigned ordered Davis to file an amended complaint conforming with federal pleading standards by May 14, 2025. (*See* Doc# 11). Davis filed and served his amended complaint on April 17, 2025 (Doc# 12).

As a result of the amendment, the Rule 12 motion filed October 4, 2024 (Doc# 3), is now directed at a pleading that is no longer operative. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint. Accordingly, the Rule 12 motion to dismiss or for a more definite statement filed October 4, 2024 (Doc# 3) is **MOOT**.[2] Whitney may, of course, re-raise his arguments in a new

---

[1] *See* Fed. R. Civ. P. 81(c)(1) ("The[ Federal R]ules [of Civil Procedure] apply to a civil action after it is removed from a state court.").

[2] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (holding that magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).

Rule 12 motion directed at the first amended complaint, if appropriate.[3] Whitney's response to the first amended complaint (Doc# 12) shall be filed and served no later than **MAY 2, 2025**.

**DONE** and **ORDERED** this the **18th** day of **April 2025**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The undersigned expresses no opinion herein on the merits of those arguments.