### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ISAAC DAVIS,                )
    Plaintiff,              )
                            )
v.                          )    CIVIL ACTION NO. 1:24-00360-KD-N
                            )
DAVID WHITNEY,              )
    Defendant.              ) | |

### ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT

This civil action is before the Court on the "Second Motion for Leave of Court to Amend Complaint" under Federal Rule of Civil Procedure 15(a)(2) filed February 20, 2026, by *pro se* Plaintiff Isaac Davis (Doc# 20). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/20/2026 electronic reference notation). Said motion has been fully briefed (*see* Docs# 22, 23) in accordance with the Court's briefing schedule (Doc# 21), and the motion is now under submission.

When, as here, the time to amend a pleading once as a matter of course under Federal Rule of Civil Procedure 15(a)(1) has expired, and a party seeking to amend has not obtained "the opposing party's written consent[,]" "a party may amend its pleading only with…the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that Rule 15(a)(2)'s "mandate is to be heeded…In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Indeed, even when grounds exist for denying leave to amend, a district court has discretion to allow amendment anyway. *See, e.g.*, *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) ("District courts have broad discretion to grant or deny leave to amend."); *In re Engle Cases*, 767 F.3d 1082, 1119 (11th Cir. 2014) ("a district court *has discretion* to deny leave to amend when the moving party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation for a lengthy delay" (emphasis added)).

Davis represents that his present motion is brought "to refine and clarify his claims" based on his review of the body-camera footage presented with the Defendant's pending motion to dismiss the second amended complaint, and to drop some claims that appear to have been brought beyond the applicable statute of limitations. The Defendant opposes granting leave to amend, arguing that allowing amendment of the claims remaining in Davis's proposed third amended complaint (Doc# 20-1) would be futile. Those arguments, however, substantially overlap with those made in the Defendant's pending motion to dismiss the current operative complaint (Doc# 17), consideration of which has been stayed until the present motion has been addressed (*see* Doc# 21). Assuming the Court were to agree with the Defendant's futility arguments in the present motion, that would still leave many of

2

the same issues to be briefed and addressed in the pending motion to dismiss. Allowing Davis to file a third amended complaint will procedurally simplify this case by allowing the Defendant to raise all of those issues in a single motion to dismiss directed at the new operative complaint, if the Defendant so chooses. Moreover, the Defendant has not argued that Davis should be denied leave to amend his complaint to drop some of his claims, and the undersigned finds that the interests of justice favor granting leave to amend for that purpose. The interests of justice also favor granting Davis leave to amend his remaining claims at least once to account for the body-camera footage that was produced for the first time with the pending motion to dismiss the Second Amended Complaint.

Therefore, without expressing any view on the merits of the Defendant's futility arguments raised in opposition, Davis's "Second Motion for Leave of Court to Amend Complaint" under Rule 15(a)(2) (Doc# 20), is **GRANTED**. Davis must file the proposed third amended complaint attached to said motion (Doc# 20-1) as a stand-alone operative pleading no later than **APRIL 6, 2026**, after which this leave to amend expires.[1] Unless and until the third amended complaint is so filed, the Second Amended Complaint (Doc# 16) shall remain the operative complaint in this action. If Davis fails to timely amend in accordance with this order, the undersigned with proceed with briefing and disposition of the pending motion to dismiss the Second

---

[1] The third amended complaint must be identical in all substantive aspects to the proposed pleading attached to the motion. To the extent Davis wishes to make further amendments to his complaint, he must do so in accordance with Rule 15(a)(2), either by obtaining the Defendant's written consent or the Court's leave.

Amended Complaint (Doc# 17).

If the third amended complaint is timely filed, the Defendant shall respond to it in accordance with Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this the **31st** day of **March 2026**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**